# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **SYLVAIN A. MAGGARD, ETC.,** | )<br>)<br>) |
| Plaintiff, | ) Case No. 2:12CV00031<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **ESSAR GLOBAL LIMITED, ET AL.,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendants. | ) |

*John R. Owen, Harman, Claytor, Corrigan & Wellman, Richmond, Virginia, for Plaintiff; James F. Neale, Meghan Cloud, and Kristin A. Davis, McGuireWoods LLP, Charlottesville, Virginia, for Defendants.*

The defendants have timely objected to a discovery order entered by the magistrate judge in this civil case. For the reasons that follow, I will deny the objection.[1]

This is a diversity action filed on October 2, 2012, seeking monetary recovery under an alleged contract for consulting services. The defendants include a large multinational company headquartered in India and several of its affiliated

---

[1] While I would normally wait to rule until the opposing party had responded to the objection, I find that a prompt decision is appropriate in light of the fact that this case is set for trial beginning February 24, 2014.

or subsidiary companies.[2]  On September 24, 2013, the defendants filed a Motion for a Protective Order (ECF No. 68) objecting to a notice to depose Ravi Ruia and his son, Rewant Ruia.  In addition, the defendants objected to these persons being deposed in the United States. The motion was referred to United States Magistrate Judge Pamela Meade Sargent for resolution.  After briefing and hearing, Judge Sargent issued a Memorandum Order on November 25, 2013 (ECF No. 116) in which the Motion for a Protective Order was denied.  Judge Sargent found that there was sufficient evidence that the proposed deponents were managing agents of some of the defendant corporations and thus subject to deposition by notice.  *See* Fed. R. Civil P. 30(b)(6) advisory committee's notes to 1970 amendments; *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996).

In regard to the location of the depositions, Judge Sargent found that the presumption that the depositions be taken where some of the defendants have their principal places of business had not been overcome.  Accordingly, Judge Sargent directed that the depositions be taken in New York.[3]

---

[2] Further description of the plaintiff's claims is set forth in an earlier opinion of the court.  *Maggard v. Essar Global Ltd.*, No. 2:12CV00031, 2013 WL 718501 (W.D. Va. Feb. 27, 2013).

[3] Judge Sargent also suggested that at defendants' election, the depositions might be taken in Virginia, where their current counsel is located.

The defendants object to the magistrate judge's ruling. They argue that the facts indicate no presumption in favor of depositions in the United States, and even if there were, it has been overcome. They also contend, as they did before Judge Sargent, that depositions in the United States are excessively inconvenient for the deponents. They seek to have the depositions taken in Mauritius, Mumbai, Dubai, or London, where the Ruias reside or frequently work. In lieu of travel by plaintiff's counsel, they propose dispositions by video conference or alternatively, to pay the travel cost of plaintiff's counsel.

A magistrate judge's ruling as to nondispositive matters may be reversed only upon a finding that the order is clearly erroneous or contrary to law. 28 U.S.C.A. § 636(b)(1)(A) (West 2006); Fed. R. Civ. P. 72(a). An order is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Minyard Enters., Inc. v. Se. Chem. & Solvent Co.,* 184 F.3d 373, 380 (4th Cir. 1999) (internal quotation marks and citation omitted). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United Mktg. Solutions, Inc. v. Fowler,* No. 1:09-CV-1392-GBL-TCB, 2011 WL 837112, at *2 (E.D. Va. Mar. 2, 2011) (internal quotation marks and citation omitted). Decisions of a magistrate judge on discovery issues

normally should be accorded considerable deference. *In re Outsidewall Tire Litig.,* 267 F.R.D. 466, 470 (E. D. Va. 2010).

Upon careful consideration of the grounds of the objection, I do not find that that the magistrate judge's decision was clearly erroneous or contrary to law. Her factual findings as to the Ruias' roles with the defendant entities were supported in the record and she applied correct legal principles to those facts. While it may be inconvenient for the Ruias to travel to the United States for depositions because of their busy schedules, the magistrate judge correctly based her decision as to the depositions' location on relevant factors, including the prompt resolution by the court of disputes that might arise during the depositions, as well as the history of the Ruias' prior business travel.

Accordingly, it is **ORDERED** that Defendants' Objection to Memorandum Order (ECF No. 120) is DENIED.

                              ENTER: December 13, 2013

                              /s/ James P. Jones
                              United States District Judge