# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **SYLVAIN A. MAGGARD, ETC.,** | )<br>) |
| Plaintiff, | ) Case No. 2:12CV00031<br>)<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **ESSAR GLOBAL LIMITED, ET AL.,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendants. | ) |

*John R. Owen, Julie S. Palmer, and Lester C. Brock, III, Harman, Claytor, Corrigan & Wellman, Richmond, Virginia, for Plaintiff; James F. Neale and Meghan Cloud, McGuireWoods LLP, Charlottesville, Virginia, for Defendants.*

In this diversity action, the plaintiff, Sylvain A. Maggard ("Maggard"), has filed suit against the defendants, an international conglomerate and its related entities (herein collectively called "Essar"), for breach of contract regarding a fee or commission that he claims he is owed following his assistance with Essar's acquisition of a coal mining company, Trinity Coal Corporation ("Trinity Coal"). In the alternative, Maggard asserts a quantum meruit claim to recover the value of the services he allegedly provided in Essar's acquisition of Trinity Coal.

Essar has moved for an order requiring Maggard to select either breach of contract or quantum meruit as his sole remedy for purposes of trial. For the reasons that follow, I will deny the defendants' motion.

The basic facts of this case have been detailed by this court in an earlier opinion denying Essar's Motion for Summary Judgment. *Maggard v. Essar Global Ltd.*, 16 F. Supp. 3d 676 (W.D. Va. 2014). Because I write primarily for the parties, I do not restate the facts of this case in their entirety. In short, Essar agrees that it hired Maggard, but contends that his role was only that of a consultant. In turn, Maggard contends that the parties entered into an oral agreement requiring the payment of a commission based on the value of any coal mining acquisition made by Essar as a result of Maggard's services.

Essar contends that "[d]amages for breach of contract and recovery for quantum meruit are mutually exclusive remedies." (Defs.' Mot. ¶ 1, ECF No. 167.) Essar asserts that the operative facts, as presented by the plaintiff, have been consistent with the existence of an express contract and inconsistent with a theory of quantum meruit.[1] Moreover, Essar contends that New York law, which it asserts is applicable to the quantum meruit claim, "requires a choice as to the basis upon which recovery is sought." (*Id.* ¶ 5.) As a result, Essar requests that the

---

[1] Essar contends that Maggard is bound by his testimony that a contract exists and cannot contradict this position through the assertion of quantum meruit. *See Massie v. Firmstone*, 114 S.E. 652, 656 (Va. 1922). Maggard's position is not contradictory, however, because he has consistently asserted that a contract exists. Rather, his quantum meruit claim is an alternative basis for recovery if a jury determines that a contract does not exist, but finds that a benefit was conferred. Moreover, even if Maggard's position were contradictory, *Massie* is a state law evidentiary rule that is not applicable to this proceeding, because state substantive policy is not implicated. *See Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 110 (4th Cir. 1995); *see also Util. Control Corp. v. Prince William Constr. Co., Inc.*, 558 F.2d 716, 720 (4th Cir. 1977) (concluding that *Massie* did not apply to summary judgment determination made at trial in federal court).

plaintiff be required to select, prior to trial, either breach of contract or quantum meruit as the basis for his action.

I will allow the plaintiff to pursue at trial his quantum meruit claim as an alternative ground for relief for services that may have been rendered in the absence of a contract or outside of the scope of any express agreement between the parties. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Generally, under either New York or Virginia law, quantum meruit relief is unavailable if a contract expressly addresses the subject at issue. *Compare Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 262–63 (2d Cir. 1999) ("Under New York law, the existence of an express contract governing a particular subject matter ordinarily precludes recovery in *quantum meruit* for events arising out of the same subject matter."), *with Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp.*, 961 F.2d 489, 491 (4th Cir. 1992) (holding that under Virginia law, "[o]ne cannot obtain quantum meruit relief from another if he has expressly delineated the contractual obligations the two will have on the subject in question."). However, in both states, a party may pursue quantum meruit as an alternative remedy if the existence of a contract or its scope is at issue. *Compare Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996) ("Where the complaint asserts claims on theories of both contract and quantum meruit and there is a genuine dispute as to the existence of a

contract, the plaintiff need not make a pretrial election between these theories; he is entitled to have the case submitted to the jury on both theories."), *and Reilly*, 181 F.3d at 263 (same), *with Lion Assocs., LLC v. Swiftships Shipbuilders, LLC*, 475 F. App'x 496, 503 (4th Cir. 2012) (unpublished) ("If an express contract exists but does not cover the services rendered, a cause of action for unjust enrichment remains available."), *and Mendoza v. Cederquist*, No. 1:09cv163 (LMB/IDD), 2009 WL 1254669, at *3 (E.D. Va. May 6, 2009) (same).

In this case, a factual dispute exists between the parties regarding whether a contract existed or, if one did, whether it is applicable to the services allegedly rendered by Maggard. At a minimum, Essar contends that they did not enter into a commission contract with Maggard — a position he rejects. Therefore, I conclude that it is inappropriate to require Maggard to select between his breach of contract and quantum meruit claims at this time. *See United Roasters, Inc. v. Colgate-Palmolive Co.*, 649 F.2d 985, 990 (4th Cir. 1981) (noting that an election of remedies is ordinarily postponed to a later stage in the litigation after the proof is in or even after the fact-finder has made findings on both alternatives).

For these reasons, it is **ORDERED** that Defendants' Motion to Require Plaintiff to Elect His Remedy (ECF No. 167) is DENIED.

ENTER: April 20, 2015

/s/  James P. Jones
United States District Judge